IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

JOHN WILLIE PALMER, JR.,      )
                               )
            Plaintiff,         )
                               )
      v.                       )          CV 115-152
                               )
MS. BUSSIE, Deputy Warden of Care &   )
Treatment; PHYSICIAN ASSISTANT        )
JACKSON; and PHYSICIAN                )
ASSISTANT CAIN,                       )
                               )
            Defendants.        )

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

_____

Plaintiff, an inmate at Phillips State Prison in Buford, Georgia, submitted to the Court

for filing a complaint brought pursuant to 42 U.S.C. § 1983 that concerns events which

allegedly occurred at Augusta State Medical Prison in Grovetown, Georgia, and he requested

permission to proceed *in forma pauperis* ("IFP").   On September 28, 2015, the Court

directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to

Collection of Fees forms within thirty days and advised Plaintiff that all prisoners, even those

proceeding IFP, must pay the filing fee of $350.00 in full.  28 U.S.C. § 1915(b)(1).  Plaintiff

was cautioned that failure to respond would be an election to have this case voluntarily

dismissed without prejudice.  (See doc. no. 9.)  The time to respond has passed, and Plaintiff

has not submitted the documents required by the Court's September 28th Order, nor has he provided the Court with any explanation why he has not complied.

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (citing 28 U.S.C. § 1915). Plaintiff has been warned that failing to return the necessary IFP papers would be an election to have his case voluntarily dismissed. The only papers filed with the Court since the Order to submit the necessary IFP paperwork are an unsigned amendment to the original complaint, which also contains a jury demand. (See doc. no. 10.) These papers make no difference to the recommendation for dismissal not only because they were unsigned, but also because as explained above, Plaintiff has not returned the required IFP paperwork to proceed in any respect with his case. As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the filing fee, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of November, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA