IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHN WILLIE PALMER, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-152 |
| | ) | |
| MS. BUSSIE, Deputy Warden of Care & Treatment; PHYSICIAN ASSISTANT JACKSON; and PHYSICIAN ASSISTANT CAIN, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed, (doc. no. 14). The Magistrate Judge recommended dismissing this case without prejudice because Plaintiff failed to return the Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms required by the Court's September 28, 2015 Order. (See doc. nos. 9, 12.) Nothing in Plaintiff's objections convinces the Court that dismissal of this case is improper.

First, Plaintiff asserts, without providing any detail, that he sent the requisite forms to the Court. Although the docket reflects Plaintiff sent multiple documents to the Court, (doc. nos. 8, 10, 14), none of the documents were the forms required by the Court's September 28, 2015 Order. Plaintiff has also attached to his objections various, non-sequential pages of purported activity on his prisoner trust account that were "printed by" two different people.

(Compare doc. no. 14, p. 3 with doc. no. 14, p. 4.) He also claims to consent to the collection of the entire $350.00 filing fee, but that "consent" does not recount the terms of consent required by the Court's forms that were provided as enclosures to the September 28, 2015 Order.

Second, Plaintiff states in his objections that he intends to name as Defendants in this case various prison officials at Phillips State Prison ("PSP") in Buford, Georgia. (Doc. no. 14, p. 1.) When he commenced this case, Plaintiff claimed to name officials at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, as Defendants. Indeed, that is why United States Magistrate Judge Janet F. King transferred the case from the Northern District of Georgia to this Court. (See doc. nos. 1, 3.) Now, however, Plaintiff has apparently decided to forego his claims against ASMP officials in favor of claims against PSP officials. However, any claims Plaintiff has against prison officials at PSP must be brought in the District where that prison is located, the Northern District of Georgia.

In sum, the Court cautioned Plaintiff that proceeding *in forma pauperis* ("IFP") in this case required returning the Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms, and the Court specifically informed Plaintiff that failing to timely return the requisite forms would be an election to have his case dismissed. (Doc. no. 9, pp. 1, 3-4.) Plaintiff did not return the forms, and in his objections to the recommendation for dismissal without prejudice, Plaintiff explains that he actually intends to sue persons at PSP, claims that must be brought in the Northern District of Georgia. Thus, even if Plaintiff had provided the requisite forms to proceed IFP in this case, he cannot sue PSP officials in this District, and the Court **OVERRULES** Plaintiff's objections.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge, as modified herein with respect to where Plaintiff must bring his claims against persons at PSP, as its opinion. Therefore, the Court **DISMISSES** this case without prejudice and **CLOSES** this civil action.

SO ORDERED this 3rd day of December, 2015, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA